ROBERT GARZA V. THE STATE.

No. 22056. Delivered April 8, 1942.

The opinion states the case.

*John M. Barron, Jr.,* of Bryan, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of unlawfully carrying a pistol, and by the jury fined the sum of $100.00.

The State's testimony shows that during an altercation at a dine and drink establishment appellant produced a pistol and displayed the same, the State's witnesses contending that such was a blue colored bona fide pistol loaded with cartridges and ball, and appellant contending that same was a bright colored toy pistol. The jury evidently believed the State's witnesses.

Bill of exceptions No. 1 complains of the argument of the State's attorney wherein he said to the jury in his final argument that "I think where a man goes to a honkey-tonk at midnight he ought to have to pay a fine on general principles." This argument, while possibly appealing to many people, does not seem to us to be called for nor proper in a discussion of the facts herein.

Bill of exceptions No. 2 again complains relative to a statement of the State's attorney to the jury in his final argument. It appears that the complaining witness was present in the establishment above referred to as a honkey-tonk in company with a Miss Regmund. The complained of argument upon the part of the State's attorney was as follows: "I have known the Regmund family and there is no finer family in Brazos County than the Regmund family." We think this was unsworn testimony that should not have been given in an argument before the jury.

Bill No. 3 arose in the following manner: Appellant's brother Steve Garza, according to the testimony, was engaged in some kind of a difficulty with the complaining witness Cahill, when appellant appeared with what the State's witnesses

say was a bona fide pistol and exhibited the same. While this brother, Steve Garza, was on the stand, the State, over appellant's objection, asked him if he had not been charged in the justice court with a simple assault upon Cahill and had paid a fine therefor, to which the witness answered that he had, over the objection of appellant. We do not think the same was admissible. It could only have been used to affect the witness' credibility, and a simple assault is not a crime involving moral turpitude. See Branch's Criminal Law, Sec. 868, p. 551; Hardin v. State, 57 Tex. Cr. R. 401, 123 S. W. 613; Gray v. State, 86 S. W. 764; Brittain v. State, 36 Texas Crim. Rep. 406, 411, 37 S. W. 758.

Bill of exceptions No. 4 also complains of the following argument of the State's attorney:

"Any man that rides up and down the highways of this great state of ours in the dead hour of night and visits honkey-tonks, or any other place, armed with a pistol, is a potential murderer and ought to be convicted for it. A man that would walk around the streets of this great country of ours and great state, and this great democracy of ours armed with a pistol, well, I had better not state what I want to say, counsel might object to it."

It seems to us that counsel in his enthusiasm may have said things in this statement that appealed not only to him but also to many others, and though same may not have been called for by the facts, we are not impressed with the idea that, standing alone, it evidences any error.

Bill No. 6 evidences the following: While the State's attorney was making his final argument to the jury, appellant's counsel arose and objected to a certain portion thereof, whereupon the State's attorney said: "Your Honor, please, if counsel wants to make another speech, I would like to sit down and let him," and he did sit down, at which point the court said: "He has the right to object," whereupon the State's attorney said: "I don't think a pistol toter in this country has got any right." At the request of appellant the trial court instructed the jury to disregard the conduct and statements of the State's attorney, nevertheless an exception was reserved to such by appellant's attorney. We think such conduct and statement should not have been indulged in. A pistol toter or honkey-tonk frequenter all have their rights in court or elsewhere, no matter how reprehensible their conduct may be, they have

a right to a fair trial before an unprejudiced jury, given to them by the same law that protects us all, and we do not think such conduct as herein complained of was conducive to such trial.

Taking into consideration the various matters complained of in these bills of exceptions, we think this cause should be reversed, and the judgment is therefore reversed and the cause remanded.